IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Frederic Ndjofang, | C/A No.: 7:17-cv-1504-AMQ |
| Plaintiff, | |
| v. | |
| Wal-Mart, | **OPINION AND ORDER** |
| Defendant. | |

This matter is before the Court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Jacquelyn D. Austin recommending that this Court grant the Motion for Summary Judgment filed by Defendant Wal-Mart ("Defendant" or "Wal-Mart"). (ECF No. 47.) For the reasons set forth below the Court adopts the Report and grants Defendant's Motion for Summary Judgment.

## **PROCEDURAL HISTORY**

Plaintiff Frederic Ndjofang ("Plaintiff"), proceeding pro se, filed this action on April 12, 2017, in the Spartanburg County Court of Common Pleas alleging discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Age Discrimination in Employment Act ("ADEA"). (ECF No. 1-1.) Defendant removed the case to federal court on June 8, 2017. (ECF No. 1.) On February 12, 2018, Defendant filed a Motion for Summary Judgment. (ECF No. 26.) In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court issued an order advising Plaintiff of the summary judgment and dismissal procedures and of the possible consequences of failing to respond adequately to Defendant's motion. (ECF No. 27.) Plaintiff filed his response in opposition on March 19, 2018

(ECF No. 29), and Defendant replied on April 2, 2018 (ECF No. 37). Thereafter, Plaintiff filed a Sur-reply on April 11, 2018. (ECF No. 41.) The Magistrate Judge filed her Report on June 28, 2018 in accordance with 28 U.S.C. 636(b)(1) and Local Civil Rule 73.02. (ECF No. 47.) Plaintiff filed timely objections to the Report on July 12, 2018 (ECF No. 51), and Defendant filed a Reply to Plaintiff's objections on July 26, 2018 (ECF No. 52). Therefore, the Report is now ripe for consideration.

## **FACTUAL BACKGROUND**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Plaintiff is a former employee of Wal-Mart who most recently worked in the wireless department of a Wal-Mart store in Boiling Springs, South Carolina. Plaintiff began working for Wal-Mart in 2002. He worked at several different locations during his tenure with Wal-Mart. As set forth in detail in the Report, over the course of Plaintiff's employment, Wal-Mart received numerous complaints about Plaintiff being rude to customers, particularly female customers. Wal-Mart management repeatedly counseled Plaintiff on these issues in an attempt to improve his customer relations.

In March 2016, Wal-Mart received a complaint about Plaintiff from a female customer who stated that Plaintiff had been rude to her when she requested information regarding price-matching from Plaintiff. Specifically, the customer stated Plaintiff told her that she could not prove him wrong regarding the Wal-Mart price-matching policy because she was a woman, or words to that effect. Wal-Mart management investigated the incident and corroborated the customer complaint through interviews with other witnesses. At the time of this incident, Plaintiff had an active Third Written Coaching, which is the final step before termination under

Wal-Mart's employment policy, in his employee file.[1] Based on Plaintiff's prior disciplinary record and the current the customer complaint, Wal-Mart management decided to terminate Plaintiff. Wal-Mart maintains that its decision to terminate Plaintiff was based on his misconduct and had nothing to do with his age, race, or national origin.

**LEGAL STANDARD**

The Magistrate Judge makes only a recommendation to this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility for making a final determination regarding a case remains with this Court. *Id*. The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may file written objections to a Magistrate Judge's Report within fourteen days after being served a copy of the Report. 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2) ("[A] party may file specific written objections to the proposed findings and recommendations."). This Court must "make a de novo determination *of those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 18 U.S.C. § 636(b)(1) (emphasis added). However, absent a timely, specific objection—or as to those portions of the Report to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

---

[1] Wal-Mart's Coaching for Improvement Policy provides for various levels of disciplinary action, including: First Written Coaching, Second Written Coaching, Third Written Coaching, and Termination. The supervisor or manager determines the appropriate level of Coaching to use depending on the individual circumstances of the situation. Wal-Mart associates may not receive two of the same level of Coaching in a 12-month period. In a case where an employee's unacceptable job performance or conduct warrants a level of Coaching and the employee has an active Coaching in the prior 12-month period, the next level of Coaching must be utilized. In the event that an employee has a Third Written Coaching on file in the prior 12-month period and another level of Coaching is warranted, the next step is Termination. (ECF No. 26-3 at 12-13.)

## ANALYSIS

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). Here, Plaintiff's objections to the Report consist of twelve single-spaced, type-written pages (not including exhibits) in which Plaintiff generally rehashes his arguments without specifically focusing the Court to a specific portion of the Report that necessitates attention. (ECF No. 51.) At best, Plaintiff's filing can be construed as a general objection to the Magistrate Judge's recommendation that this Court should grant Defendant's Motion for Summary Judgment. *Id*. The Court finds no specific objections. In the absence of specific objections, the court need only satisfy itself that there is no clear error on the face of the record. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). After thorough review of the record, the applicable law and the Report, the Court finds no clear error on the face of the record.

Nonetheless, the Court recognizes that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and federal district courts must construe such pleadings liberally to allow for the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). Accordingly, the Court will address de novo what it considers to be the main areas of concern raised in Plaintiff's objections filing.

Before turning to the objections, however, the Court notes that the Magistrate Judge applied the correct standard for evaluating motions for summary judgment. A court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A dispute is

genuine if a reasonable jury could return a verdict for the nonmoving party, and a fact is material if it might affect the outcome of the suit under the governing law." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal citations and quotation marks omitted). Therefore, at the summary judgment phase of a case, "the pertinent inquiry is whether there are any genuine issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* (internal citations and quotation marks omitted). Once the moving party files a motion for summary judgment, the nonmoving party must show that there is a genuine issue of fact to be resolved at trial by offering proof in the form of admissible evidence. *Id.* Courts must view the evidence in the light most favorable to the nonmoving party and must not weigh the evidence or make credibility determinations. *Id.*

Having articulated the appropriate summary judgment standard, the Court now turns to Plaintiff's objections. First, in his objections, Plaintiff contends that the decision of the South Carolina Department of Education and Workforce Appeal Tribunal ("Appeal Tribunal") to award him unemployment benefits is binding on this Court.[2] (ECF No. 51 at 7.) After his termination, Plaintiff applied for unemployment benefits from the South Carolina Department of Education and Workforce ("SCDEW"). (ECF No. 41-2 at 1.) The SCDEW adjudicator originally determined Plaintiff was discharged for misconduct and could not claim unemployment benefits for twenty (20) weeks. *Id.* Plaintiff appealed this decision to the Appeal Tribunal. *Id.* The Appeal Tribunal overturned the adjudicator's determination that Plaintiff was not entitled to unemployment benefits because he was discharged for misconduct. (ECF No. 41-2 at 2.) The Appeal Tribunal concluded that there was conflicting testimony regarding the final

---

[2] South Carolina law requires unemployment benefits to be set aside for persons unemployed through no fault of their own. (ECF No. 41-2.) However, South Carolina law also requires disqualification from unemployment benefits for twenty (20) weeks, with a corresponding monetary reduction, when the South Carolina Department of Education and Workforce ("SCDEW") finds that a claimant has been discharged for misconduct connected with the employment. *Id.*

customer complaint that led to Plaintiff's discharge from Wal-Mart in March 2016 and noted that Wal-Mart's witnesses to the incident did not personally observe the altercation between Plaintiff and the customer. *Id*. Thus, the Appeal Tribunal found Plaintiff's firsthand account of the events more credible than the accounts of other witnesses and concluded that Plaintiff was discharged without cause. *Id*. Plaintiff contends that the decision of the Appeal Tribunal is binding on this Court. However, "[f]actual determinations made in state unemployment claim proceedings receive no preclusive effect in actions brought under federal statutes despite involving the same operative facts." *Pettis v. House of Ruth Maryland, Inc.*, No. 04-2443, 2006 WL 6507699, at *1 (4th Cir. Mar. 6, 2006) (unpublished opinion) (citing *Ross v. Communication Satellite Corp.*, 759 F.2d 355, 360 (4th Cir. 1985), *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989); *see also Shelton v. Oscar Mayer Foods Corp.,* 481 S.E.2d 706, 708-709 (S.C. 1997) (holding that findings of fact in unemployment appeals have no preclusive effect in any subsequent litigation between an employee and his or her employer). Because factual determinations made in a state unemployment claim proceeding have no preclusive effect in actions brought under federal statutes, the content of the Appeal Tribunal's findings do not raise a genuine issue of material fact in this case. Therefore, the objection is overruled.

Plaintiff next objects to the Magistrate Judge's failure to consider evidence that Plaintiff's hours were reduced in October 2014 due to an alleged discriminatory motive. (ECF No. 51 at 7.) Plaintiff contends Defendant's alleged discriminatory motive for reducing his hours should be considered as evidence of direct discrimination in support of is Title VII discrimination claim. *Id*. However, Plaintiff failed to raise this issue in his Complaint. It is well-established that parties cannot amend their complaints through briefing or oral advocacy by raising new facts that constitute matters beyond the pleadings for the purposes of defeating a motion for summary

judgment. *See, e.g., S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184-185 (4th Cir. 2013).

Further, even if the Court were to consider this evidence, it would not help Plaintiff survive summary judgment. Because Defendant articulated a legitimate, nondiscriminatory reason for terminating Plaintiff's employment in accordance with its policy, Plaintiff must show that Defendant's stated reasons for terminating him were not its true reasons. *See Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). The fact that Defendant reduced Plaintiff's hours a year and a half prior to his termination, without more, does nothing to create a genuine issue of material fact regarding whether Defendant's reasons for terminating Plaintiff's employment were a pretext for discrimination. Accordingly, Plaintiff's objection is overruled.

Next, Plaintiff asserts that Defendant failed to comply with its Coaching for Improvement Policy in terminating his employment. (ECF No. 51 at 7.) Plaintiff contends he did not have three active Coachings in his file at the time of his termination, and, therefore, should not have been subject to termination. *Id*. Thus, Plaintiff contends that Defendant used the one Coaching that Plaintiff did have in his file as a pretext for discrimination and retaliation. *Id*. However, the record indicates Plaintiff received a Third Written Coaching on June 11, 2015, due to his cash register being short approximately 95 dollars. (ECF No. 26-3 at 6-7.) Defendant's Coaching for Improvement Policy states that if job performance or conduct warrants a level of coaching per the policy and the employee already received a Third Written Level of Coaching within the 12 months immediately prior to the unacceptable job performance or conduct, then the employee is subject to termination. (ECF No. 26-3 at 12-13.) The record reflects that a customer reported Plaintiff for misconduct on March 6, 2016. (ECF No. 26-5 at 17.) At the time of the customer complaint, Plaintiff had an active Third Written Level of Coaching in his employee file. (ECF

7

No. 26-5 at 5.) According to Defendant's policy, Plaintiff was subject to termination after the incident occurring on March 6, 2016, by virtue of his active Third Written Level of Coaching. Plaintiff's objection seems to be based on an incorrect understanding of Defendant's Coaching for Improvement Policy. However, an incorrect understanding of a policy and Plaintiff's conclusory assertions that Defendant misapplied the Coaching for Improvement Policy do not create a *genuine* issue of material fact. Accordingly, Plaintiff's objection is overruled.

Finally, Plaintiff contends that an employee of Defendant, Kelly Southerland ("Ms. Southerland"), will testify that Plaintiff was not rude to the customer who alleged that Plaintiff made offensive comments to her on March 6, 2016. (ECF No. 51 at 3.) Based on Ms. Southerland's anticipated testimony, Plaintiff contends that there is a genuine issue of material fact as to whether his termination was discriminatory.

Plaintiff's contentions, however, fail to establish any genuine issue of material fact. First, Plaintiff's contentions are inconsistent with the information in the record about Ms. Southerland. In her written statement, Ms. Southerland states that she could not hear the entire conversation between Plaintiff and the subject customer. (ECF No. 26-5 at 31.) She also stated that the customer "got mad and left the store" at the conclusion of her interaction with Plaintiff. *Id*. Plaintiff's argument that Ms. Southerland would testify in a way that is not contained in the record does not create a genuine issue of material fact.

Second, even if Ms. Southerland confirmed that Plaintiff did nothing wrong to the customer that reported him for misconduct in March 2016, Plaintiff's claim would not survive summary judgment. If an employer articulates a legitimate, nondiscriminatory justification for its allegedly discriminatory action, the employee must prove that the nondiscriminatory reasons offered by the employer were not its true reasons, but were a pretext for discrimination. *Merritt*,

601 F.3d at 294; See *also Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) ("Even if these investigations were improper or substandard, that does little to help [Plaintiff] establish that the reasons given for her termination were not the actual reasons, and it certainly does not give rise to the reasonable inference that race . . . was the real reason for [Plaintiff's] termination."). Even if Plaintiff can establish that the events reported by the customer in her complaint to Defendant in March 2016 were not entirely accurate, it still does not contradict Defendant's assertion that it terminated Plaintiff based on that customer complaint and his prior, documented misconduct. Therefore, Plaintiff's objection regarding the testimony of Ms. Southerland is overruled.

In summary, after de novo review of the of the Report in light of Plaintiff's objections, the Court finds the Report to be proper and overrules Plaintiff's objections. Furthermore, as to the portions of the Report not addressed in Plaintiff's objections, the Court finds that there is no clear error on the face of the record. Accordingly, the Court adopts the Magistrate Judge's Report and incorporates the Report herein by specific reference.

## CONCLUSION

For the forgoing reasons, Plaintiff's objections to the Report are overruled and the Magistrate Judge's Report (ECF No. 47) is hereby **ADOPTED** as the Order of this Court to the extent it is consistent with this Order. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 26) is hereby **GRANTED**.

**IT IS SO ORDERED**.

/s/ A. Marvin Quattlebaum, Jr.
A. Marvin Quattlebaum, Jr.
United States District Judge

August 7, 2018
Greenville, South Carolina